# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **HASMUKHBHAI PATEL,** : | **CIVIL NO. 1:18-CV-1518** |
| : | |
| Petitioner : | **(Chief Judge Conner)** |
| : | |
| v. : | |
| : | |
| **WARDEN CRAIG A. LOWE,** : | |
| : | |
| Respondent : | |

## ORDER

AND NOW, this 15th day of March, 2019, upon consideration of the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1), wherein petitioner, Hasmukhbhai Patel, challenged his pre-final order detention under 8 U.S.C. § 1226(c) by the United States Immigration and Customs Enforcement, and upon further consideration of respondent's suggestion of mootness indicating that, on January 29, 2019, petitioner's status shifted to post-final order detention under 8 U.S.C. § 1231(a) (see Doc. 11), which renders the petition moot, see Khodara Envtl., Inc. ex rel. Eagle Envtl., L.P. v. Beckman, 237 F.3d 186, 192-93 (3d Cir. 2001) ("Article III of the Constitution grants the federal courts the power to adjudicate only actual, ongoing cases or controversies."); Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996) ("If developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot."); Ufele v. Holder, 473 F. App'x 144, 146 (3d Cir. 2012) (holding

that habeas challenge to pre-final order detention under section 1226 was rendered moot when alien shifted to post-final order detention status under section 1231); Rodney v. Mukasey, 340 F. App'x 761, 764 (3d Cir. 2009) (finding that the change in the procedural posture of the case from pre-final order to post-final order mooted petitioner's challenge to pre-final order detention under section 1226(c) because "[t]he injury alleged, unreasonably long pre-final order of removal detention under 8 U.S.C. § 1226(c), can no longer be redressed by a favorable judicial decision"), it is hereby ORDERED that:

1. The petition for writ of habeas corpus (Doc. 1) is DISMISSED as moot.
2. The Clerk of Court is directed to CLOSE this case.

      /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania